HERSEY, Judge.
This is an appeal from an order entered in probate proceedings granting a petition for the revocation of probate of the will of Beulah Lightfoot on the grounds of undue influence. In a gross estate of approximately $800,000, the contested will left a $10,000.00 specific devise to her only daughter, Nici Lightfoot Duval, minor bequests to others and the remainder of the estate to her only son, Bain Lightfoot, who was also named as personal representative.
The law of undue influence in the context of testamentary dispositions has been clearly established by such cases as In re: Estate of Carpenter, 253 So.2d 697 (Fla.1971) and Williamson v. Kirby, 379 So.2d 693 (Fla. 2d DCA 1980). Accordingly, we will forego recital of the detailed factual background against which this contest arose as it is unlikely to add significantly to the established black letter law.
Citing to the Carpenter ease the trial court, in its order, analyzed the relevant facts and explained the part each piece of information played in his assessment of the likelihood that undue influence had been exerted upon the testatrix, Beulah Light-foot, by her son and principal beneficiary, Bain Lightfoot. The pertinent provisions of that order provide as follows:
The Supreme Court set out in Estate of Carpenter, 253 So.2d 697 (Fla.1971), certain criteria in determining act of procurement of a will by the beneficiary:
(1) Presence of beneficiary at execution; Bain’s (sic) son was present at initial conference and execution.
(2) Presence of beneficiary on that occasion when testator expressed desire to make a will. It was Bain who suggested to his mother that the will of May 29, 1962 was not legal in Florida.
(3) Recommendation by the beneficiary of an attorney to draw a will. Although there are conflicts as to whether Bain did or did not recommend the attorney, the evidence is clear that he made arrangements for the appointments and physically took his mother for both attorney appointments.
(4) Knowledge of the contents of the will by beneficiary prior to its execution. A prepared paper of the general context of the purported document was written mostly by Bain.
(5) Giving instructions by beneficiary on preparation of will by attorney. Bain sat through all the conference, both initial and at execution, and it was Bain, not his *609 mother, who advised the attorney of his father’s death and deletion of the parts of the will pertaining to the father.
(6) Safeguarding of will by beneficiary subsequent to execution. Bain had access to the will, along with his mother, it being in a safety deposit box.
Bain had a confident relationship with his mother. The day before Beulah died, a gift of Six Thousand Dollars ($6,000.00) was made to Bain. No one else lived in the house with his mother except himself after his father died. There was no credible evidence that the son was more needy than the daughter.
The trial court concluded that execution of the will had been procured by undue influence practiced by the son.
A Carpenter analysis requires that the court determine first whether sufficient factors exist to raise a presumption of undue influence. In this case the court found six of the seven Carpenter factors satisfied; there was no finding that Bain secured the witnesses to the will. While we are not wholly satisfied that such a close correlation exists, because there were conflicts as to whether Bain secured the attorney, certainly a clear majority of the factors indicative of undue influence were present.
Once a presumption of undue influence arises, the burden of persuasion or of going forward with the evidence shifts to the non-moving party who must then come “forward with a reasonable explanation for his or her active role in the decedent’s affairs .... ” Carpenter, 253 So.2d at 704. We emphasize that the burden of proof never shifts. The trial court here did not treat the presumption in his order and we are therefore unable to ascertain precisely what role it played in his deliberations. This is not a fatal flaw, however, if the end result is supported by the evidence.
We have carefully reviewed the transcripts and exhibits and have made an independent determination that sufficient factors were implicated to raise the presumption of undue influence. We further determine that a reasonable explanation for the son’s active role in his mother’s affairs was presented. Thus the presumption vanished.
Carpenter states that the facts which raise the presumption are still to be considered after the presumption is rebutted “since the facts giving rise to the presumption are themselves evidence of undue influence, those facts will remain in the case and will support a permissible inference of undue influence, depending on the credibility and weight assigned by the trial judge to the rebuttal testimony.” 253 So.2d at 704. It is appropriate then for the trial court to consider the facts which gave rise to the presumption and any rebuttal evidence in addition to any other pertinent evidence to determine which party has presented the greater weight of evidence. The trial court found the scales weighted in favor of a finding of undue influence here. In assessing that judgment it is necessary to recall what is legally encompassed by the term “undue influence.”
Undue influence is defined in Williamson v. Kirby, 379 So.2d 693, 697 (Fla. 2d DCA 1980) (quoting Heasley v. Evans, 104 So.2d 854, 857 (Fla. 2d DCA 1958)) as:
Undue influence, as it is required for invalidation of a will, must amount to over-persuasion, duress, force, coercion, or artful or fraudulent contrivances to such a degree that there is destruction of the free agency and will power of the one making the will. Mere affection, kindness, or attachment of one person for another may not of itself constitute undue influence.
It is a close case on the facts and were we to permit ourselves the extravagance of a first impression we might be convinced by the Williamson case that the burden of proving undue influence had not been met here. This is not the appellate function, however, and we are therefore constrained to hold that because reasonable men could disagree we are required to affirm the order revoking probate.
*610 HURLEY, J., concurs.
WALDEN, J., dissents without opinion.